# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JIM W. BARR, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:18-CV-104-JPK |
| | ) |
| ANDREW SAUL, Commissioner of | ) |
| Social Security Administration, | ) |
|     Defendant. | ) |

## **OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Jim W. Barr on April 24, 2018, and an Opening Brief of Plaintiff in Social Security Appeal [DE 23], filed on December 21, 2018. Plaintiff requests that the February 22, 2018 decision of the Administrative Law Judge denying his claim for supplemental security income be reversed and remanded for an award of benefits or, in the alternative, for a new hearing. The Commissioner filed a motion to remand this case for a new hearing, which was opposed by Plaintiff. The Court denied that motion on March 19, 2019, and reset the briefing deadlines on the sole issue of whether an award of benefits or a new hearing is the proper course of action. The Commissioner filed a response on April 2, 2019, and Plaintiff filed a reply on April 12, 2019. For the following reasons, the Court remands this matter for further administrative proceedings.

## **PROCEDURAL BACKGROUND**

On July 16, 2012, Plaintiff filed an application for supplemental security income, alleging disability as of June 29, 2012. The claim was denied initially and on reconsideration. Plaintiff requested a hearing, which was held before an Administrative Law Judge (ALJ). On October 25, 2013, the ALJ issued an unfavorable hearing decision finding that Plaintiff had not been under a

disability from June 29, 2012, through October 25, 2013. Plaintiff appealed this decision, which ended up in federal court in a different cause of action.

Plaintiff filed a new claim for supplemental security income on March 9, 2015, alleging disability as of October 26, 2013. On June 9, 2015, Plaintiff was awarded benefits on this new claim as of January 2015.

On September 29, 2015, Magistrate Judge Andrew P. Rodovich of the Northern District of Indiana issued an Order reversing the October 25, 2013 decision of the ALJ and remanding for further administrative proceedings. This Order was issued based on the parties' agreement that remand was proper. Judge Rodovich ordered:

> On remand, the Appeals Council will direct the Administrative Law Judge (ALJ) to consider the plaintiff's credibility further and to explain the basis for any credibility finding fully. Additionally, the ALJ should consider the evidence of record, including the "Report of Psychiatric Status" at pages 379 through 384 of the administrative record.

(AR 724[1]). The Appeals Council remanded the matter (that is, Plaintiff's first claim) for a new hearing before an ALJ. The case was assigned to a new ALJ, who chose to reopen the second claim. The ALJ held a hearing on both claims and, subsequently, issued a decision finding that Plaintiff was not disabled until May 28, 2015. Plaintiff filed exceptions with the Appeals Council, which, on March 6, 2017, vacated the unfavorable portion of the ALJ's decision and remanded the matter for a new decision for the period prior to May 28, 2015.

The ALJ held a new hearing on September 6, 2017. On December 21, 2017, the ALJ issued an unfavorable decision. The ALJ issued an amended unfavorable decision on February 22, 2018, making the following findings:[2]

---

[1] Page numbers in the Administrative Record (AR) refer to the page numbers assigned by the filer, which is found on the lower right corner of the page, and not the page number assigned by the Court's CM/ECF system.

[2] These are direct quotes of each of the ALJ's bolded findings made at various points throughout the decision. Internal citations to the Code of Federal Regulations are omitted.

1.      The claimant did not engage in substantial gainful activity since June 29, 2012, the application date.

2.      The claimant had the following severe impairments: status post surgery of the lumbar spine (back) with residual degenerative disc disease of the lumbar and cervical spines; diabetes mellitus; bipolar disorder; borderline split personality disorder; depression; and post-traumatic stress disorder.

3.      The claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

4.      After careful consideration of the entire record, the [ALJ found] that, prior to May 28, 2015, the claimant had the physical residual functional capacity to perform light work activity as defined in 20 CFR 416.967(b), except that he could not reach overhead with his left upper extremity on a frequent basis, but could do so on an occasional basis. As to postural changes, he could occasionally climb ramps and stairs, balance, stoop, kneel, and crouch, but could never crawl or climb ladders, ropes, or scaffolds. With respect to his work environment, he had to avoid slippery and/or uneven surfaces, unprotected heights, and hazards. The claimant retained the mental residual functional capacity to understand, remember, and carry out simple instructions, make judgments on simple work-related decisions, respond appropriately to usual work situations, and deal with changes in a routine work setting. As to social interactions, he could interact with co-workers, supervisors, and the general public on an occasional basis.

5.      The claimant has no past relevant work.

6.      The claimant was born [in 1960] and was 52 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed.

7.      The claimant has a limited education and is able to communicate in English.

8.      Transferability of job skills is not an issue because the claimant does not have past relevant work.

9.      Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10.     The claimant has not been under a disability, as defined in the Social Security Act, since June 29, 2012, the date the application was filed, through May 27, 2015.

(AR 505-21). Plaintiff chose not to file exceptions with the Appeals Council but instead filed this civil action pursuant to 42 U.S.C. § 405(g) for review of the Agency's decision after the decision became final on the 61st day following the ALJ's decision. *See* 20 C.F.R. § 416.1484(d).

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. §§ 405(g), 1383(c)(3). The question before the Court is not whether the claimant is, in fact, disabled but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g).

Under § 405(g), the Court must accept the Commissioner's factual findings as conclusive if they are supported by substantial evidence, which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see* 42 U.S.C. § 405(g). The Court reviews the entire administrative record but does not re-weigh the evidence, resolve conflicts in evidence, or substitute its judgment for that of the ALJ. *See McKinzey v. Astrue*, 641 F.3d 884, 890 (7th Cir. 2011) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). However, "if the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). "The ALJ has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (internal citations omitted).

## DISABILITY STANDARD

To be eligible for disability benefits under the Social Security Act, a claimant must establish that he suffers from a "disability," which is defined as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The ALJ follows a five-step inquiry to determine whether a claimant is disabled: (1) whether the claimant has engaged in substantial gainful activity since the alleged onset of disability, (2) whether the claimant has a medically determinable impairment or combination of impairments that is severe, (3) whether the claimant's impairment or combination of impairments meets or medically equals the criteria of any impairment listed in the regulations as presumptively disabling, (4) whether, if the claimant does not meet a listing, the claimant is unable to perform the claimant's past relevant work, and (5) whether, if the claimant is unable to perform past relevant work, the claimant is unable to perform any work in the national economy. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v).

Prior to step four, the ALJ determines the claimant's residual functional capacity (RFC), which "is an administrative assessment of what work-related activities an individual can perform

despite her limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001). An affirmative answer at either step three or step five leads to a finding of disability. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005); 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885-86 (7th Cir. 2001).

## ANALYSIS

In his opening brief, Plaintiff argues that the ALJ made errors in evaluating the opinion of Dr. Rodney Timbrook, a non-examining state agency psychologist; in evaluating the opinions of Dr. Gregory Richardson and of Ms. Sandra Shaw; in evaluating the opinions of State agency psychologists and of Dr. Ceola Berry; in forming hypothetical questions asked of the vocational expert (VE); in evaluating Plaintiff's symptom testimony; and in evaluating lay witness testimony.

Initially, instead of filing a response, the Commissioner filed a motion to remand the case for further proceedings. Plaintiff objected to this motion, indicating that he believed that remand for an award of benefits was the proper remedy.[3] The Court denied the Commissioner's motion and reset the response and reply briefing deadlines on Plaintiff's opening brief. Because the parties agree that this case should be remanded, the Court limited briefing to the issue of whether an award of benefits or a new hearing is the proper remedy on remand.

"Courts have the statutory power to affirm, reverse, or modify the Social Security Administration's decision, with or without remanding the case for further proceedings." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011) (citing 42 U.S.C. § 405(g)). Although this power includes the ability to remand with instructions to award benefits, "[o]bduracy is not a ground on which to award benefits." *Briscoe*, 425 F.3d at 357. However, if the record provides "no reasoned

---

[3] In his opening brief, Plaintiff requested remand for an award of benefits or, in the alternative, a new hearing.

6

basis for the denial of benefits," then an award of benefits is appropriate. *Wilder v. Apfel*, 153 F.3d 799, 804 (7th Cir. 1998); *accord Israel v. Colvin*, 840 F.3d 432, 441-42 (7th Cir. 2016); *see also Allord*, 631 F.3d at 417 ("It remains true that an award of benefits is appropriate only if all factual issues have been resolved and the record supports a finding of disability." (quoting *Briscoe*, 425 F.3d at 356)).

The Commissioner concedes that the ALJ failed to incorporate limitations in Plaintiff's RFC for his moderate limitations in concentration, persistence, or pace or to explain why the limitations do not translate into functional limitations; failed to explain her rationale regarding the B criteria at step three as it relates to Plaintiff's mental limitations; and failed to incorporate discussion of evidence of Plaintiff's mental impairments from the ALJ's May 20, 2016 decision. Despite these admitted failures and despite the agreement that remand is proper, the Commissioner asserts that factual issues remain regarding the date of non-examining psychologist Dr. Timbrook's opinion and whether he reviewed certain evidence, which preclude remand for an award of benefits.

Plaintiff counters that no material factual issues remain regarding the opinion of Dr. Timbrook and that Plaintiff is entitled to benefits. Plaintiff is correct that the ALJ did not provide a sound reason to reject Dr. Timbrook's opinion.[4]

Dr. Timbrook opined that, had Plaintiff returned to work on a full-time basis during the time period at issue, Plaintiff's symptoms and/or mental functioning would have worsened because Plaintiff has a very limited ability to cope with stresses without decompensating. As a result, Dr. Timbrook opined that, on average, Plaintiff would have missed two work days per month,

---

[4] Though Plaintiff originally identified multiple other parts of the ALJ's decision that Plaintiff believed contain error, Plaintiff did not provide argument on these issues after the Court narrowed briefing to the issue of whether an award of benefits or further administrative proceedings is appropriate.

would have arrived late or needed to leave early once per month, and would only be on task for 80-84% of an eight-hour workday excluding normal breaks. The VE testified that these limitations would preclude entry-level unskilled work.

The ALJ indicated that she did not accept Dr. Timbrook's opinion because the report indicates that Plaintiff's self-harm behaviors are "highly sporadic, relatively minor in severity, and often occur when provoked by outside stressors"; Dr. Timbrook ignored periods of improvement with medication and good response to treatment; and Dr. Timbrook did not fully address the impacts of marijuana use. (AR 518).

First, regarding self-harm, Dr. Timbrook did not use self-harm as the sole basis for his opinion that Plaintiff would be absent, arrive late, leave early, or be off-task. Instead, Dr. Timbrook referred to Plaintiff's inability to focus, concentrate, or work civilly while under stress, his temper and difficulty controlling his anger, and his volatile mood. Though self-harm may be sporadic, Dr. Timbrook describes a number of symptoms that would collectively lead to the opined absenteeism and off-task time. Dr. Timbrook's consideration of Plaintiff's history of self-harm provides no basis on which to reject the opinion.

Second, the ALJ incorrectly stated that Dr. Timbrook did not consider Plaintiff's improvement with medication. Dr. Timbrook noted: "It is clear that [Plaintiff's angry, irritable mood] was not under the control of Mr. Barr, even when he was taking psychotropic medications"; "While Mr. Barr did appear to benefit from antidepressant medication, he often did not adhere to treatment partly because he could not afford the medications prescribed. However, even with medication, it is felt that his mood was not greatly under his control and instead was highly reactive to external stressors"; and other symptoms "appeared to be only moderate and perhaps less frequent but again were not under control of Mr. Barr or the psychiatric medications prescribed."

8

(AR 1419). Dr. Timbrook considered improvement with medication. The ALJ's incorrect belief that he did not do so provides no basis to reject Dr. Timbrook's opinion.

Third, Dr. Timbrook stated the following regarding Plaintiff's substance abuse conditions:

> During the period between June 29, 2012 to May 28, 2015, most of the substance abuse conditions were at least in partial remission and some were thought to be in complete remission. It was documented that Mr. Barr did test positive for cannabis on at least one occasion. However, it is more likely that the effects of cannabis may have ameliorated some of his symptoms noted above (particularly aggression), rather than causing additional difficulties.

(AR 1423). The ALJ does not clarify what "other possible impact" of marijuana use she believes Dr. Timbrook should have addressed. The state agency agreed in 2015 that there was no evidence of substance abuse disorder. (AR 721). The ALJ does not point to evidence of any such "other possible impact," and she is not permitted to rely on a hunch. *Blakes ex rel. Wolfe v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003). Further, the ALJ herself found that Plaintiff's "poly-substance abuse" had no more than a minimal effect on his ability to work during the relevant time period. (AR 506). Thus, this third basis for rejecting Dr. Timbrook's opinion is also in error.

Dr. Timbrook's medical source statement provides a synopsis of Plaintiff's symptoms during the relevant period and is supported by citations to the record. In response, the Commissioner merely repeats the ALJ's statements without supporting the statements with argument or responding to Plaintiff's contentions of error in the statements. The ALJ provided no sound reason for rejecting Dr. Timbrook's opinion.

However, the Court does not accept Plaintiff's conclusion that the lack of sound reason for rejecting Dr. Timbrook's opinion means that an award of benefits is proper here. Finding that benefits should be awarded here would require the Court to determine not merely that the ALJ's reasons for rejecting Dr. Timbrook's opinion were unsound but to also determine that Dr. Timbrook's opinion is entitled to a particular amount of weight and weigh this opinion in

9

relation to the rest of the evidence of record. Reweighing the evidence is not the Court's role in a Social Security appeal. *See McKinzey*, 641 F.3d at 890.

Plaintiff argues that the Seventh Circuit Court of Appeals in *Wilder v. Apfel* "has remanded a claim for payment of benefits based largely on the testimony of the non-treating doctor paid over five (5) years after the date that [the plaintiff] was [required] to show disability." (Reply 3, ECF No. 34 (citing *Wilder v. Apfel*, 153 F.3d at 801, 804; *Wilder v. Chater*, 64 F.3d 335, 336 (7th Cir. 1995))). However, in *Wilder v. Apfel*, the Court awarded benefits based on the ALJ's failure to apply the law of the case established in *Wilder v. Chater*—the previous appellate decision on the same claim for benefits—and the fact that the failure left uncontradicted the medical evidence that corroborated the claimant's disability onset date. *Briscoe*, 425 F.3d at 356 (discussing both *Wilder* cases). In *Wilder v. Chater*, the court remanded for further proceedings because the reasons provided for rejecting a state agency psychiatrist's opinion (which corroborated the alleged onset date of disability) were insufficient. *Wilder v. Apfel*, 153 F.3d at 801 (discussing the earlier opinion). On remand, the claim was denied again, and the same reasons for rejecting the state agency psychiatrist's opinion were given. *Id.* at 803. The *Wilder v. Apfel* court awarded benefits, noting that the ALJ impermissibly ignored the prior decision in *Wilder v. Chater*. *Wilder v. Apfel*, 153 F.3d at 803.

The circumstances here are significantly different than those presented by *Wilder. v. Apfel*. Though there is a prior judicial determination here, that determination was made pursuant to the parties' agreement and does not list any specific deficiencies with a prior ALJ decision on Plaintiff's claim. The Order states that certain matters will happen on remand, but these appear to be statements about the parties' agreement and are not presented as orders. There is no argument before the Court that the most recent ALJ decision repeats analysis that the law of the case deems

erroneous. Thus, the circumstances here are more akin to those in *Wilder v. Chater*, because there is no prior judicial finding that the matters cited by the ALJ are inadequate to support the decision. In *Wilder v. Chater*, the court remanded for further proceedings.

Likewise, Plaintiff's citation to *Larson v. Astrue*, 615 F.3d 744 (7th Cir. 2010), does not substantially aid his cause. In *Larson*, the medical opinion of a treating physician was at issue. *Id.* at 745. Under the regulations applicable at the time the claim in *Larson* was filed, treating physician opinions were entitled to controlling weight under certain circumstances. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The Seventh Circuit Court of Appeals determined that the opinion was due controlling weight under that rule and that, once controlling weight was assigned, the plaintiff met a Listing at step three and should have been found disabled. *Larson*, 615 F.3d at 751. Because Dr. Timbrook is not a treating physician, the "treating physician rule" is not available to mandate the assignment of controlling weight to his opinion by rote application of the relevant regulation.

Plaintiff cites extensively to the record and argues that the state agency psychologists and the consultative examining psychologist did not have all the evidence that Dr. Timbrook had. Plaintiff maintains that this indicates that Dr. Timbrook's opinion should be accepted and that Plaintiff should be found disabled during the relevant time period. However, the Court is not tasked with reconsidering facts, reweighing the evidence, resolving conflicts in evidence, or substituting its judgment for that of the ALJ. *See McKinzey*, 641 F.3d at 890.

The question here is not a matter of straight-forward application of a doctrine such as law of the case or of regulations such as the treating physician rule. Instead, the question is what amount of weight should be assigned to Dr. Timbrook's opinion. The ALJ rejected this opinion and provided inadequate reasons for doing so. However, the Court has not found that

11

Dr. Timbrook's opinion should be accepted in whole or in part or be given a particular amount of weight. It is possible that there are adequate, though heretofore unstated, reasons for rejecting Dr. Timbrook's opinion. Making a finding regarding the weight that should be given the opinion at this time would require the Court to reweigh the evidence and substitute the Court's judgment for that of the Commissioner. It would be improper for the Court to take on such a task. *See Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000) ("[W]e review the entire administrative record, but do not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute our own judgment for that of the Commissioner."). Further, after assigning weight to Dr. Timbrook's opinion, the Court would then need to look at the rest of the evidence of record and determine if the weight assigned to that evidence needed to be reassessed because of any consistency or inconsistency with Dr. Timbrook's opinion. For example, the testimony of Plaintiff and of Mr. McCaughtry might be bolstered or discredited, or other medical opinions might be corroborated or contradicted. Accordingly, remand for further proceedings is the proper remedy.[5]

The Commissioner has conceded several errors. On remand, these errors should be corrected. Specifically, the ALJ shall either incorporate limitations into the RFC relating to Plaintiff's moderate limitations in concentration/persistence/pace or explain why those limitations do not translate into actual work-related functional limitations, explain the rationale for determining Plaintiff's specific limitations relating to the B criteria at step three, and discuss the evidence pertaining to Plaintiff's severe mental impairments. As set forth above, the ALJ may not discount or reject Dr. Timbrook's opinion without additional analysis. The Court makes no finding regarding whether other bases exist on which to discount or reject Dr. Timbrook's opinion.

---

[5] This is the proper result regardless of the purported factual issues raised by the Commissioner regarding the date of Dr. Timbrook's opinion and whether he reviewed certain medical evidence. These issues are therefore for the ALJ's consideration on remand. Any factual inquiry into these matters by the Court would be premature at this time.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the alternative relief sought in the Opening Brief of Plaintiff in Social Security Appeal Pursuant to L.R. 7.3 [DE 18], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further proceedings consistent with this Opinion and Order. The Court **DIRECTS** the Clerk of Court to **ENTER JUDGMENT** in favor of Plaintiff and against Defendant.

So ORDERED this 11th day of September, 2019.

s/ Joshua P. Kolar  
MAGISTRATE JUDGE JOSHUA P. KOLAR  
UNITED STATES DISTRICT COURT