UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JIM W. BARR,<br>    Plaintiff,<br><br> v.<br><br>ANDREW M. SAUL, Commissioner of the<br>Social Security Administration,<br>    Defendant. | )<br>)<br>)<br>)  CAUSE NO.: 1:18-CV-104-JPK<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on (1) a Motion of Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. Section 2412 [DE 37] and (2) a Supplemental Motion of Award of Attorney Fees Pursuant to the Equal Access to Justice Act Fee 28 U.S.C. Section 2412 [DE 46], filed by Plaintiff Jim W. Barr.

On April 24, 2018, Plaintiff filed a Complaint seeking judicial review of the Commissioner's decision denying his claim for supplemental security income. On December 21, 2018, Plaintiff filed an opening brief. On February 25, 2019, the Commissioner filed a motion to remand, which Plaintiff opposed on the ground that he was entitled to an award of benefits. On March 19, 2019, the Court denied the Commissioner's motion to remand and limited briefing to the issue of whether an award of benefits or a new hearing would be the proper course of action. On April 2, 2019, the Commissioner filed a response, and on April 12, 2019, Plaintiff filed a reply. On September 11, 2019, the Court reversed the decision of the Commissioner and remanded the matter for further proceedings.

In the Motion of Award of Attorney's Fees, Plaintiff seeks fees under the Equal Access to Justice Act ("EAJA") in the amount of $23,460.00 for 117.30 hours of attorney work at an hourly rate of $200.00. On December 20, 2019, the Commissioner filed a response brief in opposition to

Plaintiff's fee request, opposing the number of hours as unreasonable and asking the Court to reduce the request to 60 hours. Plaintiff filed a reply on February 6, 2020, along with a Supplemental Motion for EAJA Fees requesting $8,560.00 for 42.80 hours spent drafting the reply brief in support of the original motion for EAJA fees. The Commissioner did not file a response to the supplemental motion, and the time to do so has passed. In total, the fee amount requested by Plaintiff is $32,020.00.

The prevailing party in a civil action against the United States is entitled to attorney fees unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The fee applicant bears the burden of establishing that he is entitled to the reward, documenting the hours and hourly rates, and demonstrating that the requested hours are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The fee applicant must further make a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary. *Id*. at 434 ("'Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.'" (quoting *Copeland v. Marshall,* 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc))); *see also Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008) ("When calculating an EAJA award, we must exclude hours that were not reasonably expended and we may reduce the amount of the award accordingly." (internal quotation marks omitted) (quoting *Hensley*, 461 U.S. at 434) (citing 28 U.S.C. § 2412(d)(1)(C))). Determining the amount of the fee award is a matter of discretion for the Court, due to its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley*, 461 U.S. at 437. The Court considers a number of factors when making this determination, including the results

2

obtained, the complexity of the case, the staffing particulars, and the quality of outcome for the requesting party. *Hensley*, 461 U.S. at 434-37; *Tchemkou*, 517 F.3d at 511.

In a memorandum accompanying the Motion of Award of Attorney's Fees, Plaintiff sets out his calculation for arriving at a rate of $200.00 per hour. The memorandum does not present arguments justifying the number of attorney hours for which Plaintiff requests compensation. Rather, Plaintiff attempts to justify the number of hours in his reply, in order to refute the arguments set forth by the Commissioner in his response.

The Commissioner does not oppose the hourly rate asserted by Plaintiff, nor does the Commissioner argue that his position was substantially justified or contest that Plaintiff was the prevailing party. However, the Commissioner opposes the number of hours sought by Plaintiff in this matter on three grounds. First, the Commissioner argues that the 117.30 hours of attorney work sought are excessive. (Def.'s Resp. 2-4, ECF No. 40). The Commissioner notes that, per a review of relevant granted EAJA petitions in cases not involving appellate-level work, the highest total hours awarded for a case in this district was 89.85 hours in *Bishop v. Berryhill*, 2018 WL 5129484, (Oct. 22, 2018), litigated by the same plaintiff's counsel as the instant case, with the next highest number of hours at 74.7 hours in *Verlee v. Colvin*, No. 1:12-CV-45, 2013 WL 6063243 (N.D. Ind. Nov. 18, 2013).[1, 2] *Id.* at 2. The Commissioner further notes that the standard range of attorney hours for Social Security litigation is approximately 40-60 hours in the Seventh Circuit. *Id.* at 3 (collecting cases). The Commissioner concludes that, given the lack of complexity of this

---

[1] The Commissioner stated the number of hours awarded in *Verlee* as 87.9. (Def.'s Resp. 2, ECF No. 40). This number included the additional 13.2 hours awarded for defending the fee application. Because the 89.85 hours awarded in *Bishop* excluded the additionally awarded 17.15 hours spent defending the fee application, the Court has adjusted the Commissioner's notation for *Verlee* to reflect a true comparison between the two cases and the instant matter.

[2] As explained further below, the Court notes that *Hawkins v. Saul*, No. 1:18-CV-83-JPK, 2019 WL 6769277, (N.D. Ind. Dec. 12, 2019) has overtaken *Verlee* as the second highest total hours awarded for a case in this district.

matter and counsel's experience, this case should have been billed within the standard number of hours and capped at 60 hours total. *Id.* at 3-4.

Second, the Commissioner argues that the time entries provided by Plaintiff's counsel are impermissibly vague. *Id.* at 4. The Commissioner explains that 28 of 51 entries contain the vague description of "Draft Argument [with a specific argument number]," seven contain "Read Transcript & make notes," and five contain "Draft Statement of Facts." *Id.* (quoting Pl.'s Att'y Aff. 1-2, ECF No. 39). The Commissioner argues that such vague entries should neither be encouraged nor awarded and cites cases to support the proposition that courts in this jurisdiction have ruled that such entries are insufficiently specific and have reduced the hours sought accordingly. *Id.* Accordingly, the Commissioner contends that the requested reduction in hours is not only supported by the excessive nature of the hours sought, but also by the impermissibly vague description of the work completed during those hours. *Id.*

Third, the Commissioner asserts that certain specific hours listed by Plaintiff should be disallowed. *Id.* at 5-6. Citing to *Hensley*, the Commissioner contends that hours spent working on arguments upon which Plaintiff did not prevail before the Court are non-compensable. *Id.* at 5. The Commissioner explains that, though Plaintiff raised six issues in his opening brief, the Commissioner conceded error and moved for remand on only a small portion of those issues. *Id.* The Commissioner highlights the Court's later ruling, which observed that Plaintiff did not provide argument on multiple issues after the Court narrowed briefing to the question of whether an award of benefits or remand for further administrative proceedings would be appropriate. *Id.* Next, the Commissioner states that, per Plaintiff's time log, 21.45 hours were spent briefing Plaintiff's opposition to the Commissioner's motion to remand, on which the Court ruled against Plaintiff. *Id.*

4

The Commissioner thus argues that, at a minimum, the total award should be reduced by $4,290.00, representing these 21.45 hours. *Id.*

In his reply, Plaintiff acknowledges that the requested EAJA fees are higher than average but asserts that they are nonetheless justified in this circumstance. In *Hensley*, the Supreme Court set out two inquiries to be addressed when determining whether to adjust a fee award for a plaintiff who prevailed on only some of his claims for relief: 1) whether the plaintiff failed to prevail on claims that were unrelated to the claims on which he succeeded, and 2) whether the plaintiff achieved a level of success that made the hours reasonably expended a satisfactory basis for making a fee award. 461 U.S. at 434. In cases where a plaintiff brings distinctly different claims for relief, based on different facts and legal theories, counsel's work on one claim will be unrelated to his work on another claim. *Id.* at 434-35. "Accordingly, work on an unsuccessful claim cannot be deemed to have been expended in the pursuit of the ultimate result achieved." *Id.* at 435 (quotation marks and citation omitted). The Supreme Court further enumerated twelve factors to be considered when determining whether the number of hours expended was reasonable:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 430 n.3 (citation omitted).

As to the first factor, Plaintiff spends several pages recounting the exact number of hours spent by counsel reviewing the record, conducting research, and drafting arguments. (Pl.'s Reply 2-6, ECF No. 45). For the second factor, Plaintiff argues that, while most of the issues in

the case were not novel, they were nonetheless complex due to many factual issues. *Id.* at 6-7. Plaintiff further contends that the issue of whether the Court should have awarded benefits or remanded for further proceedings was both novel and very difficult. *Id.* at 6. Plaintiff asserts that, for the third factor, attorneys who handle Social Security cases must become familiar with several sources of law unique to this area. *Id.* at 8. On the fourth factor, Plaintiff states that acceptance of this case has precluded other employment for his counsel. *Id.* For the fifth factor, Plaintiff explains that his counsel will be paid at a rate of $200.00 per hour for this case, despite approval from one court for a rate of $300.00 per hour for fees pursuant to 42 U.S.C. § 406(b). *Id.* As to the sixth factor, Plaintiff explains that EAJA fees are a type of contingent hourly fee based on whether certain criteria are met. *Id.* at 8-9. Plaintiff notes that, for the seventh factor, there are no time limitations imposed by the client or circumstances in this case. *Id.* at 9.

Addressing the eighth factor, Plaintiff states that counsel achieved mixed results: the amount of back benefits involved is minimal and, while Plaintiff was granted a new hearing, Plaintiff's request for an award of benefits was denied. *Id.* Nonetheless, Plaintiff notes that, should he be awarded back benefits upon remand, he will be able to afford better housing. *Id.* On the ninth factor, Plaintiff notes that counsel has considerable experience and qualifications in this area of law. *Id.* at 10. As to the tenth factor, Plaintiff explains that he had been denied three times, and there was thus substantial risk for his counsel in taking the case. *Id.* For the eleventh factor, Plaintiff notes that counsel has represented him through two hearings, two trips to the Appeals Counsel, two federal court claims, and a second new application. *Id.* Finally, regarding the twelfth factor, Plaintiff argues that the average time expended in similar cases is not a very important factor, because how much time an attorney will expend on a specific case depends on case-specific

factors, such as complexity, procedural history, length of the record, and when counsel was obtained. *Id.* at 10-11.

Having reviewed the filings, and in light of the factors enumerated in *Hensley*, the Court finds that the number of hours requested in this matter is unreasonably high. The Court is aware of the time and effort that must be expended in Social Security cases, which often include complex medical records. Nonetheless, the Court is unpersuaded that it was reasonable for Plaintiff's counsel to expend 117.30 hours—almost double the high end and triple the low end of the standard range of attorney hours for Social Security litigation in this jurisdiction—on a case that presented no novel issues and advanced arguments upon which Plaintiff did not prevail. Nor is the Court persuaded that it was reasonable for Plaintiff's counsel to spend over 40 hours on a 15-page reply brief in defense of the requested fees. Consequently, faced with the difficult task of determining if and how best to reduce the requested EAJA fees in this matter, the Court concludes that a reduction of the requested fees is both appropriate and necessary.

The Court addresses the *Hensley* factors in turn. On the first factor—the time and labor required—the Court appreciates the explanation offered by Plaintiff's counsel in his reply brief, noting the time spent on different portions of this matter. Nonetheless, and while the Court implies no malfeasance on the part of Plaintiff's counsel, some of the time entries included with Plaintiff's supplemental brief appear to require a reduction. For example, Plaintiff's counsel notes that it took approximately half an hour to draft a section containing no more than three sentences and 48 words. (*See* Suppl. Mot. Ex. 1 at 3, ECF No. 46-1 (noting .50 hours spent drafting Argument IV)). Plaintiff's counsel further notes that it took approximately two hours to draft a

7

section on the factors to be considered when evaluating a fee request.³ *Id.* at 2. And, yet, as the Court has the benefit of having reviewed a motion for EAJA fees by Plaintiff's counsel in a different matter, the Court knows that these factors were laid out, with a citation to the applicable case law, in a previous filing from counsel, and needed only be copied and pasted into the reply brief before the Court in the instant case. (*See* Pl.'s Reply 2-3, *Hawkins v. Saul*, 1:18-cv-83 (N.D. Ind. June 14, 2019), ECF No. 35). Perhaps there was some newly drafted addition that was later removed prior to the document's filing, but, if so, there is nothing in the record to support such a speculation. It is difficult for the Court to see how such entries do not call into question the time recorded as spent working on other portions of Plaintiff's filings in this matter.

On the second factor—the novelty and difficulty of the questions—Plaintiff asserts that this matter presented difficult, factually complex questions and that the issue of an award of benefits versus remand for further proceedings was novel. (Pl.'s Reply 6, ECF No. 45 (stating that the argument for remand for an award of benefits was "both novel and very difficult")). Although the Court finds no issue with Plaintiff's contention regarding the factual complexity of this matter, Court disagrees with the latter contention regarding novelty. Even accepting Plaintiff's assertion that this issue is not often raised due to the high standard required to obtain remand for payment of benefits, the Court would decline to find that this issue is novel if for no other reason than Plaintiff's counsel himself has raised this issue multiple times in previous cases. *See Enriquez v. Saul*, No. 1:19-CV-182 DRL, 2020 WL 2125237, at *3 (N.D. Ind. May 5, 2020) (noting the plaintiff's argument that the case should be reversed and remanded for payment of benefits);

---

³ Plaintiff's counsel notes that one hour was spent on "Draft Argument #I on factors" and another hour was spent on "Draft Argument #I on factors on fee request being reasonable." (*See* Suppl. Mot. Ex. 1 at 2, ECF No. 46-1). As other entries note the time spent drafting the substantive information listed under each factor—for example, "Draft Argument #I re: novelty and complexity of the case" and "Draft Argument #I: reasonable EAJA fees"—the Court is left with the impression that the two entries for time spent on "factors" and "factors on fee request being reasonable" refer narrowly to the time spent listing these factors. *See id.*

Reply 1-5, *Enriquez v. Saul*, 1:19-cv-182 (N.D. Ind. Nov. 26, 2019), ECF No. 15 (noting that the sole remaining issue was whether the court should remand for further proceedings or an award of benefits and presenting argument); *Duke v. Astrue*, No. 1:07-CV-00188, 2008 WL 3992251, at *8 (N.D. Ind. Aug. 27, 2008) (noting the plaintiff's argument that the case should be reversed and remanded for payment of benefits); Pl.'s Opening Br. 7-8, *Duke v. Astrue*, 1:07-cv-188 (N.D. Ind. May 5, 2008), ECF No. 21 (offering argument on why the court should reverse and remand for payment of benefits). And, further, this issue has been addressed by the Seventh Circuit Court of Appeals on multiple occasions. *See Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011) (explaining that "[c]ourts have the statutory power to affirm, reverse, or modify the Social Security Administration's decision, with or without remanding the case for further proceedings"); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 357 (7th Cir. 2005) (holding that "[o]bduracy is not a ground on which to award benefits"); *Wilder v. Apfel*, 153 F.3d 799, 804 (7th Cir. 1998) (explaining that if the record provides "no reasoned basis for the denial of benefits," then an award of benefits is appropriate). Given that Plaintiff's counsel has not only raised this issue multiple times in the past, but has offered substantive argument on the question of whether the court should award benefits or remand for further proceedings and, additionally, that the Court of Appeals has discussed this topic in multiple cases, the Court rejects Plaintiff's assertion that this issue is novel.

The Court agrees with Plaintiff as to the third, fourth, fifth, sixth, seventh, ninth, tenth, and eleventh factors. Plaintiff's counsel has demonstrated that he has the skill requisite to properly perform the relevant legal services, that accepting this case precluded other employment for counsel, that the requested rate per hour is in line with customary fees, that EAJA fees are a type of contingent hourly fee tied to certain factors, that there were no time limitations imposed by the client or circumstances in this matter, that counsel has considerable experience and qualifications

in this area of law, that the three previous denials of Plaintiff's claim made this matter seem a riskier venture for counsel, and that counsel has had a substantial and beneficial professional relationship with his client.

The eighth factor—the amount involved and results obtained—was noted by the Supreme Court in *Hensley* as particularly important. 461 U.S. at 434 (explaining that "[t]his factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief"). The Court acknowledges that Plaintiff's counsel achieved a favorable result for his client. Indeed, while the Court denied Plaintiff's request for an award of benefits, the Court nonetheless granted Plaintiff's alternative relief sought, reversed the decision of the Commissioner, and remanded the matter for further proceedings. However, the Court is unconvinced by Plaintiff's argument regarding recovery of fees for the 21.45 hours spent drafting his brief in support of an award of benefits. While Plaintiff presented rational arguments, granting his request for an award of benefits would have necessitated a finding by the Court on the weight to be given to a physician's opinion as well as the weight that opinion was due in relation to the rest of the evidence of record. (*See* Sept. 11, 2019 Op. & Order 9-10, ECF No. 35). As explained by the Court in its previous order, reweighing the evidence is not the Court's role in a Social Security Appeal. *Id.* (citing *McKinzey v. Astrue*, 641 F.3d 884, 890 (7th Cir. 2011)). Indeed, this has been repeatedly held and emphasized by the Seventh Circuit Court of Appeals in a multitude of cases over the last several decades. *See McKinzey*, 641 F.3d at 890; *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009); *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000); *Maggard v. Apfel*, 167 F.3d 376, 379 (7th Cir. 1999); *Binion on Behalf of Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997); *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994); *Schroeter v. Sullivan*,

977 F.2d 391, 394 (7th Cir. 1992); *Clark v. Sullivan*, 891 F.2d 175, 177 (7th Cir. 1989). The Commissioner conceded several errors and filed a motion to remand. Yet, Plaintiff opposed remand and argued for an award of benefits, and granting his request was predicated on a determination that the Court is expressly forbidden from making. Further, the time spent on this argument necessarily "cannot be deemed to have been expended in pursuit of the ultimate result achieved," as the content of Plaintiff's reply brief was limited to a restatement of certain assertions from his opening brief and, separately, an ultimately unsuccessful argument regarding an award of benefits that was a discrete issue from the arguments raised in Plaintiff's opening brief. *Hensley*, 461 U.S. at 435 (quotation marks and citation omitted); *see* Pl.'s Reply Award Benefits, ECF No. 34. As explained by the Supreme Court, "[t]he congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim." *Hensley*, 461 U.S. at 435. The Court is therefore persuaded by the Commissioner's contention that the total number of hours can be properly reduced by the 21.45 hours spent on these arguments. This reduction brings the total number to 95.85 hours.

As for the twelfth factor—awards in similar cases—initially, the Court notes that *Hawkins v. Saul* has overtaken *Verlee* as the second highest total hours awarded for a case in this district. *See* No. 1:18-CV-83-JPK, 2019 WL 6769277, at *5 (N.D. Ind. Dec. 12, 2019) (awarding 84.5 hours in EAJA fees). As such, Plaintiff's counsel has now received the two highest total hours awards in this district. *See id.*; *Bishop*, 2018 WL 5129484, at *3 (awarding 89.85 hours). While this is not in itself dispositive of the Court's determination in this matter, it bears noting that this is not the first instance that Plaintiff's counsel has requested atypically high fees.

11

Further, the Court disagrees with Plaintiff's contention that this factor is of lesser importance. As the Court noted in *Hawkins*, all cases will vary and a perfect comparison between the hours expended on one matter versus another is impossible. 2019 WL 6769277, at *5. Nonetheless, comparing the instant matter to other cases with higher than average fees is informative, and further justifies a reduction in the hours claimed here. In *Bishop*, the court awarded 89.85 hours out of the originally requested 108.9. 2018 WL 5129484, at *1, *3. In that case, the court remanded on all five bases presented by the plaintiff and the Administrative Record was 840 pages. *Id.* at *1, *2. In *Hawkins*, this Court awarded 84.5 hours out of the originally requested 122. 2019 WL 6769277, at *1, *5. In that matter, the Court remanded on three out of four bases presented by the plaintiff and the Administrative record was 578 pages. *Id.* at *2, *3. In *Verlee*, the court awarded 74.7 hours out of the originally requested 100.8. No. 1:12-CV-45, 2013 WL 6063243, at *7, *10. The Administrative Record in *Verlee* was 600 pages, and the court found that three of the plaintiff's four arguments had little merit. *Id.* at *8-9. Nonetheless, the work was performed by two attorneys, the plaintiff advanced a constitutional challenge that he asserted was an issue of first impression for a claim for Social Security disability benefits, and the number of hours sought included those spent objecting to the magistrate judge's report and recommendation. *Id.* at *7-8. Further, the total number of hours sought by the plaintiff, minus the hours spent objecting to the report and recommendation and defending the fee application, was a mere 59.7— approximately half of what is sought in the instant case. *Id.* at *7. The court in *Verlee* awarded those 59.7 hours and reduced the hours sought for objecting to the report and recommendation from 29.7 to 15, for a total of 74.7 hours. *Id.* at *10, *10 n.4. The Court must note, however, that the Administrative Records in all three of the above cases pale in comparison to the length of the record in the instant matter, which stands at 1,443 pages. It is therefore unsurprising and seemingly

appropriate to the Court that more time was spent reviewing the record in this matter than, for example, the record in *Hawkins*. (*See* Pl.'s Att'y Aff. 1-2, ECF No. 39 (noting 21.75 hours spent reading administrative record and making notes); Pl.'s Att'y Aff. 1, *Hawkins v. Saul*, 1:18-cv-83 (N.D. Ind. May 14, 2019), ECF No. 31 (noting 14.2 hours spent reading administrative record and making notes)).

The Court finds that Plaintiff has failed to meet his burden of demonstrating that the requested hours are reasonable. The record in the instant matter was exceedingly long, but Plaintiff's requested hours, as reduced to 95.85, represent time spent producing a 26-page document, the final page of which is a certificate of service. The Court finds that this is simply unreasonable and thus imposes a global reduction of an additional 15 hours. The Court thus finds that Plaintiff's counsel is entitled to an award of 80.85 hours, for a total fee award of $16,170.00 at an hourly rate of $200.00.

Finally, in the Supplemental Motion, Plaintiff asks for an additional $8,560.00, representing 42.80 hours, for drafting the reply brief to defend the initial EAJA fee request. The Commissioner has not filed an objection to this request, and the Court recognizes that Plaintiff's reply brief was the only opportunity to defend against the Commissioner's request that the Court significantly reduce the number of attorney hours requested by Plaintiff. Nonetheless, given the Court's uncertainty regarding specific time entries, as noted above, and in consideration of a requested 42.80 hours for the production of a 15-page document, the final page of which contains only a concluding sentence and signature block, the Court finds that the requested hours are unreasonably high. Accordingly, the Court imposes a global reduction of 15 hours and awards an additional 27.80 hours, for a total of $5,560.00 at an hourly rate of $200.00 for time spent drafting the reply brief on the instant motion for fees. This brings the total fee award to $21,730.00.

## CONCLUSION

Accordingly, the Court hereby **GRANTS** with relief different than requested the Motion of Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. Section 2412 [DE 37] and Supplemental Motion of Award of Attorney Fees Pursuant to the Equal Access to Justice Act Fee 28 U.S.C. Section 2412 [DE 46]. The Court **ORDERS** that Plaintiff is awarded attorney fees in the total amount of $21,730.00 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. If the Government determines that Plaintiff does not owe a pre-existing debt subject to offset, the Commissioner shall direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and his counsel.

So ORDERED this 15th day of September, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT